**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LORIE GARLICK,** *et al.*, | Civil Action No. 06-6244 (DMC) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OPINION** |
| **QUEST DIAGNOSTICS, INC., NATIONAL MEDICAL SERVICES, INC., LABCORP, INC.,** *et al.*, | |
| **Defendants.** | |

**FALK, U.S.M.J.**

This matter is before the Court *sua sponte* on the issue of whether this case should be transferred to a more convenient district pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, this action will be transferred to the United States District Court for the Eastern District of Pennsylvania.

1. This is a putative class action brought by fifteen current or former licensed health care professionals who are former substance abusers. As detailed in the Complaint, Plaintiffs were required by the state licensing boards in the many states in which they practice to abstain from the consumption of alcoholic beverages. To monitor the consumption of alcohol, Ethyl glucuronide ("EtG") urinalysis testing was employed. EtG is a metabolite that is supposedly capable of identifying alcohol consumption within a 5 day window. Plaintiffs allegedly suffered false positive EtG test results due to certain medical conditions or their use of products allegedly containing EtG, including hand sanitizer. Defendants are corporations that developed and sold EtG testing kits, or third-party administrators that reviewed the results.

2. None of the named plaintiffs in this action is a New Jersey resident. There are four primary corporate defendants. The only defendant with any connection to this forum is Quest Diagnostics, Inc., a Delaware corporation with its principal place of business in New Jersey. However, as pleaded in the Amended Complaint, Quest "also has testing facilities and offices throughout the United States." (Am. Compl. ¶ 16.) The other three primary defendants are NMS, LabCorp, and First Lab. NMS and FirstLab each have their principal place of business in Pennsylvania; LabCorp's principal place of business is in North Carolina. (Am. Compl. ¶¶ 17-18, 21.)

3. In addition to this putative class action, there are six nearly identical putative class actions brought by the same plaintiffs' attorneys and some of the same named plaintiffs pending, respectively, in the United States District Court for the Northern District of California[1]; the United States District Court for the Southern District of California[2]; and Pennsylvania state court.[3] Plaintiffs have attempted to coordinate discovery in the cases, and have referred to the cases pending in California as "test cases" for the legal theories advanced in this case.

4. This case has been the subject of pre-answer motion practice and an appeal. On December 28, 2007, Judge Cavanaugh dismissed this action pursuant to Federal Rule of Civil Procedure 12(b)(6). See Garlick v. Quest Diagnostics, No. 06-6244, 2007 WL 4592276 (D.N.J. Dec, 28, 2007). Plaintiffs appealed, and the Third Circuit remanded the case on February 6, 2009, directing Plaintiffs to file an amended complaint clarifying the factual bases for their claims. See Garlick v. Quest Diagnostics, 309 Fed. Appx. 641 (3d Cir. 2009).

5. Upon return from the Third Circuit, Plaintiff filed an amended complaint. Defendants again moved to dismiss the complaint pursuant to Rule 12(b)(6). On December 14, 2009, District Judge Cavanaugh granted the motion in part and denied it in part. See Garlick v. Quest Diagnostics,

---

[1] Northern District of California CM/ECF Docket Numbers 07-5642 (BZ); 08-4118 (BZ); and 09-2016 (BZ).

[2] Southern District of California CM/ECF Docket Numbers 07-1951 (BEN) (AJB), and 08-1684 (BEN) (AJB).

[3] Pennsylvania Court of Common Pleas Docket Number 06-27461.

No. 06-6244, 2009 WL 5033949 (D.N.J. Dec. 14, 2009).

7. 6. On February 11, 2010, the Undersigned had an initial conference with counsel. Given the absence of an apparent connection between any of the named plaintiffs and nearly all of the defendants with the State of New Jersey; the pendency of identical actions in other states; and statements by counsel suggesting that Plaintiffs sought only some issues to be decided in New Jersey, the Court raised the propriety of venue in New Jersey, as well as the possibility of transfer pursuant to 28 U.S.C. § 1404(a).

7. On February 22, 2010, the parties submitted four letters setting forth their positions with respect to venue and a potential transfer. While claiming that New Jersey was technically a proper forum, the parties expressly agreed that, in the event transfer was deemed proper, the case should be transferred to the Eastern District of Pennsylvania. Indeed, Plaintiffs conceded transfer would be proper, but sought to impose a number of conditions in the transfer order, which are addressed in paragraph 12 *infra*.

8. 28 U.S.C. § 1404(a) expressly provides that a federal district court may transfer a civil action from one federal district court to another for "the convenience of the parties[,] the convenience of the witnesses and the interests of justice." Id.; Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Transfer of a civil action is an issue that may be raised by the Court *sua sponte*. See, e.g., Bonnano v. Quiznos Master, LLC, No. 06-1415, 2006 WL 3359673, at *2 (D.N.J. Nov. 17, 2006) (Cavanaugh, J.); Clopay v. Newell Co., 527 F. Supp. 733, 737-38 (D. Del. 1981). In considering transfer, a court must determine whether the action could be brought in the proposed transferee district as well as evaluate certain public and private factors. Yang v. Odom, 409 F. Supp. 2d 599, 604-06 (D.N.J. 2006).

9. "There is no definitive formula or list of the factors to consider when deciding a motion to transfer." Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc., No. 09-3689, 2010 WL 715454, at *2 (D.N.J. March 1, 2010). However, the Third Circuit has articulated certain "public" and "private" interests that courts should consider, to the extent applicable, in considering transfer in any given case. The private interests include: (1) the plaintiff's preferred forum as expressed by the original forum choice; (2) the defendant's preference (3) where the claim arose; (4) the convenience of the parties; (5) the convenience and availability of witnesses; and 6) the location of books and records. See Jumara, 55 F.3d at 879. The public interests include: (1) enforceability of the Court's judgment; (2) "practical considerations that could make the trial easy, expeditious, or

3

inexpensive; (3) the level of congestion in the respective forums, (4) "the local interest in deciding local controversies at home," (5) the public policies of the forum; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." Id. A plaintiff's choice of forum, while ordinarily entitled to some deference, is entitled to less deference, perhaps to the vanishing point, when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit. See, e.g., Danka Funding, LLC v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 475 (D.N.J. 1998); Ricoh Co., Ltd. v.Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). The decision to transfer rests in the sound discretion of the district court. Jumara, 55 F.3d at 879.

      10.    Transfer is appropriate in this case. The parties agree that this action could have been brought in the Eastern District of Pennsylvania. Moreover, none of the named Plaintiffs is a New Jersey resident, and none of the acts that allegedly comprise the crux of Plaintiffs' complaint occurred in this forum. The sole connection to this District is that Quest has its principal place of business in New Jersey. However, Quest is a national corporation, incorporated in Delaware, and has conceded that it would be subject to suit in a number of states, including Pennsylvania.

      In addition, the three paramount transfer considerations strongly weigh in favor of transfer. First, the convenience of the parties would be better served in Pennsylvania. Certain of the named plaintiffs are Pennsylvania residents, and defendants First Lab and NMS are already defending a similar suit in Pennsylvania state court, which involves the same witnesses and proofs. Second, the likely witnesses will be more readily available in Pennsylvania as opposed to New Jersey. Indeed, some of the witnesses have already been noticed for depositions in Pennsylvania. Third, the interests of justice augur for transfer to Pennsylvania. There is already an identical case pending there. This case, despite its age, is still in the early stages. Due to motion practice and appeals, no scheduling order has been entered and discovery has not commenced. It makes practical sense to have this action litigated in a forum where a number of the individual Plaintiffs and the primary Defendants are actually located.

      11.    The parties have not raised any of the public or private interests as an impediment to transfer. Nevertheless, a cursory review of some of the factors also supports transfer. With respect to the *private* interests: (1) Plaintiffs' preferred forum is not entitled to substantial deference, as there is no connection between any of the plaintiffs or their claims and New Jersey; (2) Defendants have acknowledged that Pennsylvania would be a convenient forum; (3) the Court has

already noted that the witnesses and parties are already litigating these issues in Pennsylvania, and thus convenience of the parties and witnesses supports transfer.

The *public* interests have not been addressed by the parties. Suffice it to say there is no connection between the claims and New Jersey law, and that to the extent there is a public interest in resolving the dispute, it would appear to be in Pennsylvania, where three plaintiffs and three defendants are located.

12.     Finally, Plaintiffs, in order to consent to transfer, raised three "conditions" that they ask be included in any transfer order: (1) that the transfer be effectuated on the basis of *forum non conveniens*; (2) that Defendants be precluded from raising the absence of complete diversity as a defense upon the transfer of the case; and (3) that Defendants be precluded from filing Rule 12(b)(6) motions in the transferee court, and that the previous decisions of this Court and the Third Circuit be acknowledged as law of the case. Defendants oppose all three conditions. The conditions are rejected for the following reasons.

*First*, the transfer of this action is upon *sua sponte* Order of the Court, not the consent of the parties. Morever, the request confuses the transfer of a civil action with a *dismissal* based on *forum non conveniens*. The doctrines are distinct, and the latter does not apply here. See, e.g., Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955) ("The forum non conveniens doctrine is quite different than Section 1404(a)"); Windt v. Quest Diagnostics, 544 F. Supp. 2d 409, 432 (D.N.J. 2008) ("Forum non conveniens and 28 U.S.C. § 1404(a), a change of venue provision, differ in their purposes, operation, and consequences; though they have common roots in legislation, they are entirely independent phenomena."), aff'd 529 F.3d 183 (3d Cir. 2008), cert. denied, 129 S.Ct. 927 (2009).

*Second*, whether the action is pending in New Jersey or Pennsylvania makes no practical difference for purposes of "complete diversity." Three named plaintiffs are residents of Pennsylvania. Two defendants are Pennsylvania corporations. Complete diversity is not present *now*. Rather, the basis for federal jurisdiction is the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat 4 (2005), codified at 28 U.S.C. §§ 1332, 1446, and 1453. (Am. Compl. ¶ 1.) CAFA does not require complete diversity. See, e.g., 28 U.S.C. § 1332(d)(2).

*Third*, this Court would not presume with the interfere with the management of the case upon transfer. Nothing in this opinion should be construed otherwise. However, to the extent the Plaintiffs are concerned about law of the case, the Court makes two basic observations. One, the "law of the case" doctrine usually applies to transferred actions. See, e.g., Hyman v. Cash Register

5


Co., 669 F.2d 162, 166-67 (3d Cir. 1982). Second, the transfer here is to another district within this Circuit; thus, the Third Circuit opinion would obviously remain relevant.

13. In sum, there is no reason for this case to remain in New Jersey. None of the Plaintiffs reside in New Jersey; none of the tests they supposedly failed were in New Jersey; only one Defendant resides here, and that Defendant is also located in other states; and there are related actions pending elsewhere, including in Pennsylvania.

14. For the reasons set forth above, this action will be transferred to the United States District Court for the Eastern District of Pennsylvania. A separate order implementing this Opinion will be entered.

          s/Mark Falk
          **MARK FALK**
          **United States Magistrate Judge**

Dated: April 13, 2010

Orig: Clerk of the Court
cc:   Honorable Dennis M. Cavanaugh, U.S.D.J.
      Counsel of Record
       File